IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 24-cr-00106-NYW

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICO TOMAS GARCIA,

    Defendant.

## MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL

    Defendant Rico Tomas Garcia's undersigned counsel moves this Court for an order permitting his withdrawal as Mr. Garcia's attorney.

    In conformity with D.C.COLO.LAttyR 5(b), the multiple bases for this request are set forth as follows. First of all, Mr. Garcia has authorized the undersigned to file this motion to withdraw and, in doing so, has asked the undersigned to advise the Court that he wants to "emphasize [his] . . . request for a Jewish attorney who has not been previously employed by law enforcement."[1] Any additional bases for Mr. Garcia wanting the undersigned to withdraw would need to be articulated to the Court by Mr. Garcia himself.

    With exceptions not relevant here, D.C.COLO.LAttyR 2 applies the Colorado Rules of Professional Conduct as the standards of professional responsibility for attorneys appearing before this Court. Colorado Rule of Professional Conduct

---

[1] For the record, the undersigned is neither Jewish nor free from the alleged taint of a connection with law enforcement, having worked as a Special Assistant United States Attorney in the Eastern District of Virginia 31 years ago.

1.16(a)(3) states, in relevant part, that "a lawyer shall not represent a client, or, where representation has commenced, shall withdraw from the representation of a client if . . . the lawyer is discharged."  Since the undersigned was appointed by the Court under the Criminal Justice Act to represent Mr. Garcia, he cannot discharge his attorney without Court approval, but he seeks that approval here.

Secondly, Mr. Garcia's request aside, the undersigned otherwise seeks permission to withdraw as Garcia's counsel, under Colorado Rule of Professional Conduct 1.16(a)(1) and (b)(6).  1.16(a)(1) states, in relevant part, that "a lawyer . . . shall withdraw from the representation of a client if the representation will result in violation of the Rules of Professional Conduct."  1.16(b)(6) provides, in relevant part, that "a lawyer may withdraw from representing a client if . . . the representation . . . has been rendered unreasonably difficult by the client.

Mr. Garcia is on bond.  The undersigned was appointed under the Criminal Justice Act, 18 U.S.C. §3006A, to represent Mr. Garcia three days ago.  The undersigned has only been able to communicate with Mr. Garcia via email.  Mr. Garcia, who apparently is in the Denver metro area, has refused to speak with counsel on the phone, via ZOOM, or in person.

Colorado Rule of Professional Conduct 1.1 requires a lawyer to provide competent representation to a client.  Rule 1.4(a)(2) requires an attorney to "reasonably consult with the client about the means by which the client's objectives are to be accomplished."  The undersigned can neither competently represent Mr. Garcia nor reasonably consult with him when he declines to communicate with the undersigned in any manner except email.  As such, for the undersigned to remain on the case under

2

present circumstances would cause counsel to violate the Rules of Professional Conduct, a situation that Rule 1.16(a)(1) does not condone, as cited, *supra*.  Moreover, Mr. Garcia's refusal to communicate with the undersigned in any manner except through email has rendered the representation unreasonably difficult, which also provides a basis for the undersigned to request to withdraw, under Rule 1.16(b)(6) discussed above.

In addition to the reasons cited above, the undersigned also seeks permission to withdraw as Delgado's counsel, under a separate component of Colorado Rule of Professional Conduct 1.16, that is under circumstances where "other good cause for withdrawal exists".   A conflict has already arisen between counsel and client; the undersigned does not believe that the conflict is reconcilable.   As this matter is presently postured, the undersigned may not reveal any additional information about the conflict without revealing information that is protected from disclosure by Colorado Rule of Professional Conduct 1.6.

---

## NOTICE TO MR. GARCIA UNDER D.C.COLO.L.AttyR 5(b)

1. The undersigned is seeking the Court's permission to withdraw as your counsel of record.

2. If the Court grants this request, until and unless other counsel is appointed to represent you, you personally will be responsible for complying with all Court orders and time limitations, established by any applicable rules.

---

Dated this 9th day of January 2025.

Respectfully submitted,


s/Thomas E. Goodreid
Thomas E. Goodreid
Goodreid and Grant LLC
7761 Shaffer Parkway, Suite 105
Littleton, CO   80127
(303) 296-2048
*t.goodreid@ggandwlaw.com*
Attorney for Defendant Rico Tomas Garcia

## CERTIFICATE OF SERVICE

I certify that on this 9th day of January 2024, I electronically filed the foregoing **MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

I further certify that on this 9th day of January 2025, I served a copy of the foregoing **MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL** on the Defendant, Rico Tomas Garcia at:

desert.sage936@silomails.com


s/Thomas E. Goodreid
Thomas E. Goodreid
Goodreid and Grant LLC
7761 Shaffer Parkway, Suite 105
Littleton, CO   80127
(303) 296-2048
*t.goodreid@ggandwlaw.com*
Attorney for Defendant Rico Tomas Garcia