# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*9:26 am, Feb 03, 2025*
**JEFFREY P. COLWELL, CLERK**

**Criminal Case No. 1:24-cr-00106-NYW**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**Rico Garcia,**

Defendant.

## REFILED MOTION TO RELEASE SURETY BOND, PRE-TRIAL CONDITIONS, REQUEST FOR PROSECUTOR AND USPO INVESTIGATION AND SANCTIONS

**COMES NOW** the Defendant, Rico Garcia, filing Pro Se, respectfully moves this Court to promptly consider this refiled pro se motion originally filed on **01/13/2025** in this case, as it has been pending for **20 days** out of **70 days** for speedy trial without a ruling. Defendant now refiles this motion to remove any supposed issues of filing pro se supplemental motions while having ineffective counsel. The failure to address the original pro se motion in a timely manner when ineffective counsel was raised, and pursuant to **Canon 3(B)(6)** undermines the Defendant's constitutional rights, including the 6th Amendment right to effective counsel and self-representation, and the due process protections under the 5th and 14th Amendments. The ongoing intentional delays by the Court also violates the Defendant's right to timely adjudication of claims, including ineffective assistance of counsel, as outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Additionally, under **Canon 3(C)**, judges must act without undue delay, and the Court's failure to rule raises serious ethical concerns and structural errors.

The ongoing delays and/or refusals to rule on several pro se supplemental motions impedes the Defendant's right to a fair trial and self-representation, and timely judicial process as guaranteed by *Faretta v. California*, 422 U.S. 806 (1975), **Strickland v. Washington**, 466 U.S. 668 (1984) and **Perry v. New Hampshire**, 565 U.S. 228 (2012). Additionally, the delay harms the

Defendant's ability and right to seek meaningful relief and appeal, as recognized in ***Glover v. United States***, 531 U.S. 198 (2001). **Rule 12 of the Federal Rules of Criminal Procedure** requires timely filing and resolution of motions. The failure of the Court to timely address supplemental pro se motions can be seen as a failure to comply with the procedural requirements set forth in **Rule 12**. Furthermore, **Rule 33 of the Federal Rules of Criminal Procedure** mandates that the court rule on such motions within a reasonable period. Delays violate the procedural rights of a Defendant to have those issues heard and resolved expeditiously.

Ignoring or delaying the ruling on supplemental pro se motions even with "hybrid representation", especially in cases where ineffective counsel and prosecutorial misconduct is raised, can be considered judicial misconduct. Judges have a duty to ensure the constitutional rights of the defendant are respected, including addressing pro se motions that raise significant concerns about the fairness of the trial, fraud on the court, inadmissible evidence, double jeopardy. In **United States v. Munsing**, 392 F.2d 389 (9th Cir. 1968) the court found a judge's refusal to consider or delay ruling on pro se motions would constitute an abuse of discretion. In **re Disqualification of Judge**, 678 F.3d 559 (7th Cir. 2012), the court held judicial conduct in relation to decisions that must be made without bias or avoidance, underscoring that neglecting pro se motions could imply undue delay or prejudice against the defendant.

Defendant, respectfully moves this Court again to issue an order immediately releasing the $350,000 surety bond issued by the Honorable Judge Kim in Los Angeles on December 5th, 2024, and secured by a property owned by Mrs. Tan, to remove any lien and restore clear title to Mrs. Tan. Defendant also wishes to bring to the attention of this Court that the title is only still clouded due to false statements made by the U.S. Prosecutor at Defendant's bond hearing in Denver on December 17th, 2024. Defendant further requests that the Court obtain copies of the transcripts from both the Los Angeles and Denver bond hearings and hold an evidentiary hearing to investigate the glaring discrepancies and the impact of these intentionally false statements on Defendant's rights. As well, as sanction the prosecution and a USPO Mr. Olguin for their willful and unethical scheme to violate Mrs. Tan's and Defendant's rights and refer the them for investigation by the OPR and the OIG.

Pro se filings are entitled to liberal interpretation, with Courts filling in gaps to reflect intent. See ***Haines v. Kerner*, 404 U.S. 519 (1972)**; ***Estelle v. Gamble*, 429 U.S. 97 (1976)**. Also that procedural technicalities should not bar consideration of Pro Se motions' substantive merit. See ***Boag v. MacDougall*, 454 U.S. 364 (1982)**. The Defendant respectfully urges this Court to evaluate this pro se motion in accordance with these established Constitutional and Judicial principles. Therefore, Defendant requests that the Court promptly address this refiled pro se motion to ensure full protection of Mrs. Tan's and Defendant's constitutional rights and timely access to appellate review.

In support of this Motion, Defendant respectfully states the following:

**I. Factual Background**

On December 5th, 2024, a $350,000 surety bond was issued by Judge Kim in Los Angeles. This bond was secured by Mrs. Tan's property and was intended to ensure Defendant's release from the MDC in Los Angeles pending his court appearance on December 17th in Denver. However, in the December 17th hearing held in Denver, the Court issued a new personal recognizance (PR) bond for $75,000. However, also in this hearing, the prosecution made numerous false statements about Defendant, his pretrial release conditions in Los Angeles, supposed failure to report to the USPO Mr. Olguin in Los Angeles, and, most alarmingly, that the full execution and submission of the Surety Bond by Mrs. Tan never even occurred.

As well as other inflammatory comments about Defendant and the Court was some how given the false impression that the property used to secure the bond was purchased with "stolen funds", which would implicate Mrs. Tan in a crime. The prosecution falsely represented to the Court that the $350,000 surety bond had neither been signed by Mrs. Tan and/or submitted to the court in Los Angeles was outrageously dishonest. Because it was required before Defendant's release from the MDC in LA, and Defendant was at the hearing in Denver. The prosecution's false statements contradicted common sense, ethics rules, the integrity of the judicial process, and both Defendant's and Mrs. Tan's rights.

**1. Ethical Violations:** The prosecution's conduct in knowingly presenting false statements to the court is a direct violation of **ABA Model Rule 3.3(a)(1)**, which prohibits a lawyer from knowingly making false statements of fact or law to a tribunal. **Rule 3.3(a)(2)** also mandates that

a prosecutor correct false statements or misrepresentations that have been made by others in proceedings before the court. The prosecution's failure to correct the false statements about the surety bond constitutes a violation of these ethical obligations. Furthermore, under **ABA Model Rule 8.4(c)**, it is a professional misconduct for a lawyer to engage in dishonesty, fraud, deceit, or misrepresentation. Here, the prosecution's statements about Defendant's pretrial release conditions in Los Angeles, supposed failure to report to the USPO Mr. Olguin in Los Angeles, and the surety bond never being finalized, while knowing them to be false, are emblematic of these violations.

Especially in the light of the fact that at the hearing in Los Angeles, the California prosecutor acting on behalf of, and under the direct orders of the Denver US Prosecutor's office, had insisted on, and Judge Kim granted him, the right to confirm with Mrs. Tan via a call and a copy of the bond for his review. So the prosecution could fully verify the bond and its security before it was delivered to the court in Los Angeles. This was the only way Defendant could have possibly been released from the MDC in LA, and the prosecution knew this for a fact before the Denver hearing. Yet still made numerous false statements to the Denver court simply to prejudice the Defendant in the eyes of the Judge. Willful prosecutorial misconduct that clearly violated Defendant's right to a fair trial under the **14th Amendment's Due Process Clause**.

In **Napue v. Illinois**, **360 U.S. 264 (1959)**, the U.S. Supreme Court held that the prosecution's use of false testimony, or the failure to correct false testimony that it knows to be false, violates the defendant's due process rights. False statements by the prosecution during pretrial hearings or in the presentation of evidence could render the entire case unfair, as it undermines the reliability of the legal proceedings. A Napue violation, such as in this case where the prosecution knowingly uses false statements or testimony. Let alone by the prosecution itself and/or the USPO on its behalf is grounds for dismissal. As the Court noted in Napue, such prosecutorial misconduct deprives the defendant of their constitutional right to a fair trial, and thus dismissal is warranted in this case.

Mrs. Tan was assured by the court in Los Angeles that the bond was in place and that it had been fully vetted by the Prosecution and filed by Judge Kim's clerk. However, the Denver prosecution still made these intentionally false representations to the Court in Denver regarding the status of the bond. Repeatedly claiming it had neither been signed nor delivered to the Court in Los

Angeles. This obviously led to a misunderstanding, where the Denver Judge assumed that the bond was never finalized. As a result, the Judge did not release the surety bond, as would be customary in similar circumstances, when a Defendant's PR bond is issued.

**2. Fraud Upon the Court:** The prosecution's fraud upon the court created a cloud on the title of Mrs. Tan's property that persists, infringing upon her property rights. Under **18 U.S.C. § 1001**, it is a federal offense to make false statements knowingly and willfully in any matter under the jurisdiction of a federal agency, including a federal court. The prosecution's false statements regarding the bond amount to fraud upon the court, which not only violates federal law but also threatens the integrity of the judicial system. **United States v. Dunnigan**, 507 U.S. 87 (1993), further emphasizes the need for integrity in the judicial process, and fraudulent misstatements by the prosecution have been recognized as grounds for criminal charges and sanctions. The harm caused by this misconduct is not limited to the Defendant's pretrial conditions but extends to Mrs. Tan's property rights, which have been unfairly jeopardized by the prosecution's deceit.

The abuse of her property rights is most egregious when coupled with the fact that the prosecution itself personally verified the bond was signed and delivered. Defendant asserts these misrepresentations were part of an intentional scheme to defame the Defendant's character to unlawfully secure extreme pre-trial conditions in Colorado, at the expense of Mrs. Tan's character and property rights. These rights are both protected under U.S. law, including the **Fifth Amendment** protection against deprivation of property without due process of law. The prosecution's actions implicate both a violation of Mrs. Tan's property rights and due process rights under the **Fifth and Fourteenth Amendments** to the Constitution. The use of false information to damage Mrs. Tan's reputation and interfere with her property rights is not just an ethical breach but a constitutional violation.

**3. Request for Sanctions and Referral for Criminal Investigation:** Given the gravity of the prosecutorial misconduct and the harm caused to both the Defendant and Mrs. Tan, this Court should issue sanctions against the prosecution for its actions. As the Court ruled in **Brady v. Maryland, 373 U.S. 83 (1963)**, the prosecution has a duty to disclose exculpatory evidence and refrain from presenting false evidence. Failure to do so not only undermines the integrity of the judicial system but also jeopardizes the Defendant's right to a fair trial. Sanctions may include

disciplinary action by the state bar, as well as referral for criminal investigation for perjury and obstruction of justice under **18 U.S.C. § 1503**.

Moreover, the severe damage to Mrs. Tan's property rights and emotional well-being, coupled with the false representations made by the prosecution, warrants referral for further investigation into potential criminal liability for fraudulent statements made to the court. This precarious situation has caused Mrs. Tan completely avoidable emotional hardship, had the prosecution simply told the truth. The continued misconduct, if left unchecked, would send a message that deceit and dishonesty are permissible within the judicial process, undermining the very principles of justice that the legal system is intended to protect. As well as Defendant's rights to a fair trial.

## II. Legal Grounds for the Release of the Surety Bond

Defendant respectfully requests that this Court issue an order immediately releasing the $350,000 surety bond because:

**Fraud on the Court by the Prosecution**: The prosecution's fraudulent claims regarding the status of the surety bond constitute misconduct that misled the Denver Court into falsely believing the bond was never fully executed. This fraudulent conduct undermines the integrity of the judicial process, violating both the Defendant's and Mrs. Tan's constitutional rights. Fraudulent misrepresentations by the prosecution to the Court are a violation of due process under the Fifth Amendment and the fundamental fairness required by law. See, e.g., **United States v. O'Keefe, 128 F.3d 873 (5th Cir. 1997)** (holding that fraudulent misrepresentation to the court is grounds for relief).

**Violation of Property Rights**: The prosecution's misrepresentation has improperly clouded the title to Mrs. Tan's property, creating an unlawful encumbrance on her property which blocks her full use and ability to sell or refinance her property. Property rights are protected under the **Fifth** and **Fourteenth Amendments** of the United States Constitution, and the unlawful encumbrance on Mrs. Tan's property has caused her to incur unnecessary expenses and potential harm to her credit, personal finances and unnecessary emotional duress. See, e.g., **United States v. Estate of Butler, 2015 WL 3659002 (N.D. Okla. 2015)** (holding that a wrongful lien or cloud on title is a violation of property rights and must be removed immediately).

**Defamation and Character Injury**: The prosecution's fraudulent claims irreparable harmed Defendant's rights to a fair trial by obstructing his ability to prepare for trial as he does not live in Colorado, removing any access to critical evidence in California. Also claiming Mrs. Tan's property was not encumbered by the bond and that her property was purchased with stolen proceeds have defamed her character, and caused her significant emotional distress and reputational harm. Mrs. Tan's property and personal integrity were wrongfully damaged by these fraudulent claims. See, e.g., **Fairmont Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 486 (1933)** (holding that defamation or wrongful public accusations made in connection with judicial proceedings can lead to liability).

## III. Request for Sanctions Against the Prosecution and USPO

In light of the prosecution's misconduct, Defendant requests that the Court impose sanctions upon the prosecution for its fraud upon the court, including ordering the prosecution to cover any legal costs including Attorney's fees incurred by Defendant and Mrs. Tan for the Bond hearings in Los Angeles and Denver, and any costs to resolve the cloud on her property title. As well as compensate her for emotional duress.

Mrs. Tan is a Senior Taiwanese American, and Taiwanese culture greatly values one's reputation. Since English is not her Mother tongue, the language barrier has exacerbated her ongoing emotional duress and frustration trying to resolve this issue with numerous emails and calls. Mrs. Tan has repeatedly tried to address this issue since December 17, 2024, which amounts to almost a month of no resolution as the Judge Kim's Clerk in Los Angeles claims it is the duty of the Denver court to release the bond. The failure of the prosecution and court officers to promptly address the issue of the bond release constitutes a violation of the Defendant's and Mrs. Tan's due process rights under the Fifth Amendment (see *Mathews v. Eldridge*, **424 U.S. 319, 332–33 (1976)** (due process requires meaningful opportunity to be heard).

Adding to Mrs. Tan's emotional duress is that almost immediately upon the bond being issued on December 5, 2024, Mrs. Tan was contacted and repeatedly called by a Los Angeles USPO Mr. Dario Olguin, who was given her phone number by the prosecution in Los Angeles without her consent. In violation of Mrs. Tan's privacy rights under *Whalen v. Roe*, **429 U.S. 589, 599–600 (1977),** which established that individuals have a constitutionally protected privacy interest in

avoiding disclosure of personal matters. Mr. Olguin was deployed by the prosecutor's office in a fraudulent scheme to try and make unauthorized demands of the Defendant, who wasn't even at Mrs. Tan's home at the time.

Mr. Olguin's actions in participating in a fraudulent scheme to modify the pretrial conditions imposed by Judge Kim without judicial oversight or input from defense counsel violate several critical legal standards. Under the **Federal Rules of Criminal Procedure, Rule 32.1(b)** explicitly requires that any modifications to pretrial conditions be made through a hearing, where the defendant is given notice and an opportunity to be heard. Mr. Olguin's failure to follow this procedural safeguard and his attempted unauthorized imposition of restrictions i.e GPS monitoring without Judge Kim's approval or even a court order constitutes a flagrant violation of the Defendant's right to due process under the **Fifth Amendment**.

Furthermore, Mr. Olguin's false statements to the Defendant, which included misleading and vague information that caused confusion regarding the terms of his pretrial release, exacerbated the violation by obstructing the Defendant's ability to comply with the court's lawful orders. **(See Attached Texts)** His actions effectively undermined the Defendant's presumption of innocence and right to the least restrictive conditions of release, as mandated by the **Bail Reform Act, 18 U.S.C. § 3142**. By misrepresenting the terms of the order and acting outside the bounds of his authority, Mr. Olguin violated **18 U.S.C. § 242**, which criminalizes the deprivation of constitutional rights under the color of law. Given these violations, it is clear that Mr. Olguin's conduct warrants not only sanctions but also a full investigation for potential criminal prosecution. His involvement in the prosecution's fraudulent scheme, designed to alter the conditions of pretrial release without proper judicial process, undermines the integrity of the judicial system and calls for both dismissal and referral for prosecution under federal statutes.

Coupled with Mr. Olguin's inferred threats to Mrs. Tan about "how any wrong move by the Defendant would result in her losing her property," Mr. Olguin's actions constitute a clear abuse of power and a violation of multiple legal and ethical standards. Specifically, **18 U.S.C. § 242** which prohibits the deprivation of rights under color of law, making it unlawful for Mr. Olguin to coerce Mrs. Tan or impose unauthorized obligations on the Defendant. Additionally, his

threats may qualify as extortion under **18 U.S.C. § 872**, as they were designed to pressure Mrs. Tan into acting out of fear of financial loss, despite no lawful basis for such demands.

In truth, Mr. Olguin had no legal authority to be making demands of the Defendant or to be contacting Mrs. Tan. His actions were neither authorized by Judge Kim's order nor permissible under his official duties as a United States Probation Officer. Judge Kim expressly stated both at the bond hearing in Los Angeles and in his order **(See Attached Order)** that the Defendant was not required to contact pretrial services in Los Angeles "because it didn't make sense to report twice." but rather report within 24 hours after arriving in Denver. By disregarding the court's explicit directive, Mr. Olguin's conduct also violates **18 U.S.C. § 1503** (Obstruction of Justice), as his interference with Mrs. Tan's bond obligations undermines the court's authority and processes.

Furthermore, Mr. Olguin's actions amount to harassment and intimidation, creating an environment of undue pressure for the Defendant and Mrs. Tan, in direct contravention of the **Code of Conduct for Judicial Employees** and the **Federal Employees Code of Ethics**. His conduct also infringes upon their procedural rights under the **Fifth Amendment**, as the threats and intimidation deprive them of the due process guaranteed under law. These compounded transgressions demonstrate not only a misuse of Mr. Olguin's authority but also an actionable breach of the ethical and legal responsibilities required of federal officials.

The actions taken by Mr. Olguin on behalf of the prosecution violate **Federal Rule of Criminal Procedure 46** and the **Bail Reform Act of 1984, 18 U.S.C. § 3142(c),** which govern the conditions of release and require them to be the least restrictive means necessary. Yet Mr. Olguin still concocted deceptive comments to cause Mrs. Tan to falsely believe that her property was under immense threat of being seized. Mr. Olguin's behavior violates **Model Rules of Professional Conduct (MRPC) 8.4(c)** (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation) and **4.4(a)** (prohibiting actions that serve no substantial purpose other than to burden a third party).

These malicious exaggerations and unwarranted repeated phone calls even after Defendant advise him Mrs. Tan was not authorized to speak on his behalf. Was an unethical act to harass a senior citizen whose native language is Mandarin were emotionally taxing. The court should

sanction the prosecution and USPO Mr. Olguin for their unethical schemes targeting an Asian senior citizen to try and coerce her into revoking Defendant's bond. These actions implicate racial and cultural discrimination concerns under the **Equal Protection Clause of the Fourteenth Amendment,** as articulated in ***Batson v. Kentucky*, 476 U.S. 79, 84–85 (1986)** (prohibiting racial bias in judicial processes).

These fraudulent schemes by the prosecution and the libelous and intentional misrepresentations at the Denver Hearing have irreparably harmed Defendant's rights to a fair trial and Mrs. Tan's faith in the judicial system. As well as unconstitutionally obstructed Defendant's rights to due process and his ability to properly prepare his defense given the unwarranted extreme home detention and GPS monitoring ordered by the Denver court. Such restrictions violate the presumption of innocence guaranteed by ***Coffin v. United States*, 156 U.S. 432, 453–454 (1895)**. Moreover, the inability to access evidence due to pretrial conditions violates the Sixth Amendment right to prepare an adequate defense, as recognized in ***United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006).**

Outside of being able to physically travel,Defendant has no other way to gather critical evidence for his defense, which is in California, as a direct result of the prosecution's fraud on the court has irreparable harmed his ability to prepare for trial. The excessive home detention and GPS monitoring in a State Defendant doesn't even live in. Was a carefully planned obstruction of Defendant's ability to prepare for trial and the intended purpose of the prosecution's fraud upon the court. The harsh Pre-Trial conditions imposed upon the Defendant violate the federal presumption of his innocence which should have been the basis of his pre-trial conditions if any. As the prosecution has utterly failed to present a shred of evidence absolutely that the Defendant presents any threat of any kind to the community. Defendant has little to no criminal record to speak, or any violent crime. The true purpose of such restrictive Pre-Trial conditions.

Defendant respectfully requests the Court use its investigative powers and conduct a full review of the transcripts of the Los Angeles and Denver bond hearings. Compare those to the dates and court stamps on the attached fully signed and submitted $350,000 Surety Bond by Mrs. Tan. **(See Attached Surety Bond)**. As well as all communications between the prosecutor's office and the Los Angeles USPO including Mr. Olguin. If the Court determines Obstruction of Justice, fraud upon the court or any other criminal or unethical offense by the prosecution or the USPO has

occurred, such as but not limited conduct that constitutes a violation of **MRPC 3.3(a)(1)** (prohibiting false statements of fact to a tribunal) and **8.4(d)** (prohibiting conduct prejudicial to the administration of justice**).

Additionally, ***Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)**, allows courts to impose sanctions for fraud upon the court. The Court has a solemn duty to refer the Los Angeles and Denver Prosecutors and the USPO and Mr. Olguin for criminal investigation and disciplinary action. The prosecution's conduct not only violates ethical guidelines but also directly harmed Defendant's rights to a fair trial and Mrs. Tan's property rights and personal well-being. See, e.g., ***In re Disciplinary Proceedings Against D.G.*, 2010 CO 26, 231 P.3d 500** (noting that misconduct by a prosecutor that undermines the integrity of the court system and causes harm to a party may result in disciplinary sanctions).

## IV. Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court issue an order:

1. **Immediately releasing the $350,000 surety bond** issued by Judge Kim in Los Angeles on December 5, 2024 to remove any cloud on Mrs. Tan's title;

2. **Immediately releasing all Pre-Trial Conditions** to correct the injustice perpetrated against the Defendant as a result of the prosecution's fraud upon the court; as well as allowing him to gather evidence without any further obstructions;

3. **Imposing sanctions** against the prosecution, including reimbursement to the Defendant and Mrs. Tan for any legal costs incurred at the bond hearings in Los Angels and Denver and expenses to resolve clouded title, compensate for emotional duress, or any additional financial penalties for misconduct as the Court deems appropriate and just under the circumstances;

4. **Referring the prosecution's and USPO's conduct** to the appropriate regulatory authorities for investigation and disciplinary action.

5. **Consider Dismissal of the Charges** If dismissal is not granted, Defendant respectfully requests the Court refer both the prosecutors, USPO Mr. Olguin to be investigated by the U.S. Department of Justice Office of the General Inspector (DOJ OIG) and Office of

Professional Responsibility (OPR) pursuant to **18 U.S.C. § 872**, **18 U.S.C. § 1503, 18 U.S.C. § 241** and **§ 242**: These federal statutes criminalize obstruction of justice and conspiracies to violate civil rights **(§ 241)** and deprivation of civil rights under color of law **(§ 242)**. Given they all engaged in egregious misconduct to violate Defendant's right to due process and a fair rial and sought to modify Judge Kim's order without authorization by the court and then lied to a Federal Judge in the Denver bond hearing.

Defendant humbly requests an expedited resolution to this matter, as the harm to Defendant's constitutional rights, and Mrs. Tan's property rights and financial interests and emotional well-being continues to mount, directly as a result of the prosecution's overt fraudulent actions.

Respectfully submitted,

**Rico Garcia**
Defendant, filing Pro Se

# CERTIFICATE OF SERVICE

I hereby certify that on 02/02/2025, a copy of the foregoing Motion was served via electronic via email submission to COD_ProSe_Filing@cod.uscourts.gov for filing with the Court.

**Rebecca S. Weber**
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600,
Denver, Colorado 80202
Tele: (303) 454-0100
Fax: (303) 454-0409
E-mail: Rebecca.Weber@usdoj.gov
Attorney for the United States

**Rico Garcia**

Defendant, Pro Se

desert.sage369@silomails.com

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

Case Name: United States of America v. _Riso Thomas Garcia_   Case No. _24 mj 7184_

☑ Defendant   ☐ Material Witness

Violation of Title and Section: _18 USC 1343; 18 USC 1957; 18 USC 2_

☐ Summons   ☑ Out of District   ☐ UNDER SEAL   ☐ Modified Date: _____

*Check only one of the five numbered boxes below and any appropriate lettered box (unless one bond is to be replaced by another):*

| | | |
|---|---|---|
| 1. ☐ Personal Recognizance *(Signature Only)* | (c). ☑ Affidavit of Surety With Justification *(Form CR-3)* Signed by:<br>_Nancy Tan_<br>_- to replace CR-4_<br>_within 45 days_<br>☑ With Full Deeding of Property:<br>_Broomsor, CO_<br>_address to be_<br>_provided to Pretrial_ | Release Date: _____<br><br>☐ Released by:<br>_____ / _____<br>*(Judge / Clerk's Initials)*<br>☐ Release to U.S. Probation and Pretrial Services ONLY<br>☐ Forthwith Release<br>_upon posting of_<br>_510,000_ |
| 2. ☐ Unsecured Appearance Bond<br>$ _____ | | ☐ All Conditions of Bond *(Except Clearing Warrants Condition)* Must be Met and Posted by: |
| 3. ☑ Appearance Bond<br>$ _350,000_<br>(a). ☐ Cash Deposit *(Amount or %)* *(Form CR-7)*<br>(b). ☑ Affidavit of Surety Without Justification *(Form CR-4)* Signed by:<br>_Nancy Tan_<br>_- to be replaced by_<br>_CR-3 within 45_<br>_days_ | | |
| | 4. ☐ Collateral Bond in the Amount of *(Cash or Negotiable Securities)*<br>$ _____ | ☐ Third-Party Custody<br>*Affidavit (Form CR-4)* |
| | 5. ☐ Corporate Surety Bond in the Amount of:<br>$ _____ | ☑ Bail Fixed by Court:<br>_SK / CC_<br>*(Judge / Clerk's Initials)* |

## PRECONDITIONS TO RELEASE

☐ The government has requested a <u>Nebbia</u> hearing under 18 U.S.C. § 3142(g)(4).

☐ The Court has ordered a <u>Nebbia</u> hearing under § 3142 (g)(4).

☐ The <u>Nebbia</u> hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

## ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

☑ Submit to United States Probation and Pretrial Services supervision as directed by Supervising Agency. _of arrival in Colorado._

☑ Surrender all passports and travel documents to Supervising Agency no later than _within 14 days_ , sign a Declaration re Passport and Other Travel Documents (Form CR-37), and do not apply for a passport or other travel document during the pendency of this case. _If passport cannot be located, must file declaration stating as such._

☑ Travel is restricted to _Colorado_ unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel as well as for any domestic travel if the defendant is in a Location Monitoring Program or as otherwise provided for below.

☑ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.
_must reside at "Aurora" address in Colorado owned by Nancy Tan_

Defendant's Initials: _RG_   Date: _12-5-24_

Document Ref: B4T8G-XLYGB-G8BGZ-S2RD8

☐ Defendant  ☐ Material Witness

☑ Maintain or actively seek employment unless excused by Supervising Agency for schooling, training, or other reasons approved by Supervising Agency. Verification to be provided to Supervising Agency. ☑ Employment to be approved by Supervising Agency.

☑ Avoid all contact, directly or indirectly (including by any electronic means), with any known victim or witness in the subject investigation or prosecution, ☐ including but not limited to _____ ; ☑ except for *In connection w/ pending civil case related to this matter, when any victim or witness is represented by counsel.*

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may have contact with the following codefendants without your counsel present: _____

☐ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☐ Surrender any such item as directed by Supervising Agency by _____ and provide proof to Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

☑ Do not use or possess any identification, mail matter, access device (including, but not limited to, credit and debit card's), or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency.
  ☑ In order to determine compliance, you agree submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

☐ Do not engage in telemarketing.

☑ Do not sell, transfer, or give away any asset valued at $ *100,000* or more without notifying and obtaining permission from the Court, except *for attorneys fees in this case* .

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol. ☐ Submit to alcohol testing. If directed to do so, participate in outpatient treatment as approved by Supervising Agency. Testing may include any form of prohibited-substance screening or testing. You must pay all or part of the costs for testing based upon your ability to pay as determined by Supervising Agency.

☐ Do not use or possess illegal drugs or state-authorized marijuana. ☐ Submit to drug testing. Testing may include any form of prohibited-substance screening or testing. You must pay all or part of the costs for testing based upon your ability to pay as determined by Supervising Agency. If directed to do so, participate in outpatient treatment as approved by Supervising Agency.
  ☐ In order to determine compliance, you agree to submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.

☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or any street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

☐ Participate in residential substance abuse treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to Supervising Agency only.**

☐ Participate in mental health treatment, which may include evaluation, counseling, or treatment as directed by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

Defendant's Initials: AG   Date: 12-5-24

Document Ref: B4T8G-XLYGB-G8BGZ-S2RD8

Case Name: United States of America v. _____ Case No. _____

☐ Defendant ☐ Material Witness

☑ Participate in the Location Monitoring Program marked below and abide by all of the requirements of the program and any indicated restrictions, under the direction of the Supervising Agency. You must pay all or part of the costs of the program based upon your ability to pay as determined by the Supervising Agency. You are financially responsible for any lost or damaged equipment.

### 1. Location Monitoring Restrictions (Select One)

☐ Location Monitoring only - no residential restrictions

☐ Curfew. Curfew requires you to remain at home during set time periods. (Select One)
  ☐ As directed by Supervising Agency; or
  ☐ You are restricted to your residence every day from _____ to _____

☑ Home Detention: Home detention requires you to remain at home at all times except for employment, education, religious services, medical needs or treatment, attorney visits, court appearances and obligations, essential needs, and _____, all of which must be preapproved by the Supervising Agency.

☐ Home Incarceration: Home Incarceration requires you to be at home 24 hours a day except for medical needs or treatment, attorney visits, court appearances or obligations, and _____, all of which must be preapproved by Supervising Agency.

### 2. Location Monitoring Technology (Select One)

☐ Location Monitoring technology at the discretion of the Supervising Agency. (If checked, skip to 3)

☑ Location Monitoring with an ankle monitor (Select one below)
  ☐ at the discretion of the Supervising Agency or
  ☑ Radio Frequency (RF) or
  ☐ Global Positioning System (GPS)

or

☐ Location Monitoring without an ankle monitor (Select one below)
  ☐ at the discretion of the Supervising Agency or
  ☐ Virtual/Biometric (smartphone required to participate) or
  ☐ Voice Recognition (landline required to participate)

### 3. Location Monitoring Release Instructions (Select One)

☐ Release to Supervising Agency only or ☑ Enroll in the location monitoring program within 24 hours of release. arrival in Colorado.

☐ You are placed in the third-party custody (Form CR-31) of _____.

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within _____ days of release from custody.

Defendant's Initials: *RG*     Date: 12-5-24

Document Ref: B4T8G-XLYGB-G8BGZ-S2RD8

Case Name: United States of America v. _____  Case No. _____

☐ Defendant   ☐ Material Witness

☑ Possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications
   and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that you disclosed
   to Supervising Agency upon commencement of supervision. You must disclose any new devices, accounts, application, passwords,
   or passcodes to Supervising Agency prior to the first use. A digital device is any electronic system or device that can access, view,
   obtain, store, or transmit digital data. ☑ In order to determine compliance, you agree to submit to a search of your person and
   property, including digital devices, by Supervising Agency, which may be in conjunction with law enforcement.

☑ All digital devices will be subject to monitoring by Supervising Agency. You must comply with the rules and regulations
   of the Computer Monitoring Program and must pay the cost of the Computer Monitoring Program.

☑ Do not use or possess more than one virtual currency wallet/account, and that one wallet/account must be used for all virtual
   currency transactions. Do not obtain or open a virtual currency wallet/account without prior approval of Supervising Agency.
   You must disclose all virtual currency wallets/accounts to Supervising Agency when supervision starts and must make them available
   to Supervising Agency upon request. You may use or possess only open public blockchain virtual currencies and are prohibited from
   using private blockchain virtual currencies unless prior approval is obtained from Supervising Agency. ☑ In order to determine
   compliance, you agree to submit to a search of your person and property, including computer hardware and software, which may
   be in conjunction with law enforcement.

## Cases Involving a Sex-Offense Allegation

☐ Possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications
   and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that you disclosed
   to Supervising Agency upon commencement of supervision. You must disclose any new devices, accounts, application, passwords, or
   passcodes to Supervising Agency prior to the first use. A digital device is any electronic system or device that can access, view, obtain,
   store, or transmit visual depictions of sexually explicit conduct involving children. ☐ In order to determine compliance, you agree to
   submit to a search of your person and property, including digital devices, by Supervising Agency, which may be in conjunction with
   law enforcement.

☐ All digital devices will be subject to monitoring by Supervising Agency. You must comply with the rules and regulations
   of the Computer Monitoring Program and must pay the cost of the Computer Monitoring Program.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person under the age of 18
   except in the presence of the parent or legal guardian of the minor after you have notified the parent or legal guardian of the
   pending charges or convictions involving a sex offense and only as authorized by Supervising Agency

☐ Do not enter or loiter within 100 feet of schoolyards, parks, public swimming pools, playgrounds, youth centers, video arcade
   facilities, amusement and theme parks, or other places frequented by persons under the age of 18 and only as authorized to do so
   by Supervising Agency.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare
   facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

☐ Do not view or possess child pornography or child erotica, including but not limited to pictures, photographs, books, writings,
   drawings, or videos depicting or describing child pornography. ☐ In order to determine compliance, you agree to submit to a
   search of your person and property, including computer hardware and software, by Supervising Agency, which may be in conjunction
   with law enforcement..

Defendant's Initials: CG   Date: 12-5-24

Document Ref: B4T8G-XLYGB-G8BGZ-S2RD8

Case Name: United States of America v. _____  Case No. _____

☐ Defendant  ☐ Material Witness

☑ Other conditions:

Must report to Pretrial within 24 hours of arrival in Colorado.

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform United States Probation and Pretrial Services and my counsel of any change in my contact information, including my residence and telephone number, including cell phone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release. I will inform Supervising Agency of law enforcement contact within 72 hours of being arrested or questioned by a law enforcement officer.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: **PG**    Date: **12-5-24**

Document Ref: B4T8G-XLYGB-G8BGZ-S2RD8

Case Name: United States of America v. _____   Case No. _____

☐ Defendant   ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

12-5-24
_____
*Date*

*(signature)*
_____
*Signature of Defendant / Material Witness*

949-940-6935
_____
*Telephone Number*

Los Angeles, CA
_____
*City and State (DO NOT INCLUDE ZIP CODE)*

☐ **Check if interpreter is used:** I have interpreted into the _____ language this entire form
and have been told by the defendant that he or she understands all of it.

_____
*Interpreter's Signature*

_____
*Date*

Approved: _____
*United States District Judge / Magistrate Judge*

_____
*Date*

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: NG   Date: 12-5-24

Document Ref: B4T8G-XLYGB-G8BGZ-S2RD8

Date Approved: 12/5/24  Extension: _____

By: Matt Tallo

☐ PSA Officer *(for material witness only)*  ☒ AUSA

Signature: _____

FILED
CLERK, U.S. DISTRICT COURT

12/5/2024

CENTRAL DISTRICT OF CALIFORNIA
BY:    clee    DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER |
|---|---|
| PLAINTIFF, v. | 2:24-mj-07184-Duty |
| RILO TOMAS GARCIA | |
| DEFENDANT(S). | **AFFIDAVIT OF SURETY (NO JUSTIFICATION)** |

I, the undersigned surety, state on oath that I permanently reside within the jurisdiction of the United States District Court for the ~~Central District of California~~ Colorado at the address indicated below or in (City, State): Aurora, Colorado

I further state that I understand the provisions of the bond executed by the above-named defendant for which this affidavit supports, and I agree to be bound as a condition of this bond by the provisions of Local Criminal Rule 46-6 as set forth at the bottom of this document and further acknowledge and agree that I and my personal representatives are bound as a condition of this bond, jointly and severally with the defendant and other sureties, to pay to the United States of America the sum of $ 350,000 , in the event that the bond is forfeited.

I further understand that it is my obligation to inform the Court and counsel of any change in residence address or employment of the defendant immediately upon becoming aware of such fact.

I further agree and understand that, unless otherwise ordered by the Court, the bond for which this affidavit supports is a continuing bond (including any proceeding on appeal or review) which shall continue in full force and effect until such time as the undersigned is duly exonerated by Order of the Court.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on this 5th day of December , 20 24 .

NIEN TZU TAN
Name of Surety

Signature of Surety

Friend
Relationship of Surety

X X X - X X - 0765
Social Security Number of Surety *(Last 4 digits only)*

█████████████

Address of Surety

AURORA, CO █████████
City, State, Zip Code

*Local Criminal Rule 46-6*

*Bond - Summary Adjudication of Obligation*

*A bond or undertaking presented for filing shall contain consent of the principal and surety that, in case of default or contumacy on the part of the principal or surety, the Court, upon ten (10) days notice, may render a judgment summarily in accordance with the obligation undertaken and issue a writ of execution upon such judgment. An indemnitee or party in interest seeking a judgment on a bond or undertaking shall proceed by Motion for Summary Adjudication of Obligation and Execution. Service may be made on a corporate surety as provided in 31 U.S.C. § 9306.*

CR-04 ( 02/09)    AFFIDAVIT OF SURETY (NO JUSTIFICATION)

2024-12-11

Mr. Dario this is Mr. Garcia. Please excuse the belated response. I had to acquire an Android phone and setup an app without a credit card for free texting. Easier said than done apparently. Now that I believe this should be working you or whomever should be able to text without further issues.

That said, it was brought to my attention that Judge Kim has since modified his court order on my bond. Could you kindly send me your email so we can exchange documents. I would like to present the modified order to my counsel for his opinion. Thank you for your patience and understanding.

Please treat this as my primary contact number. Mrs. Tan is not authorized to speak on my behalf, and does not

Text Message


Keep your number from expiring.

Reserve Number

Remove Ads »



Document Ref: B4T8G-XLYGB-G8BGZ-S2RD8